Peter K. Fagen
Howard A. Friedman
Howard J. Fulfrost
Melanie A. Petersen
Laurie E. Reynolds
James B. Fernow
Christopher D. Keeler
Jan E. Tomsky
Jonathan P. Read
Christopher J. Fernandes
Douglas N. Freifeld
Diane Marshall-Freeman
Roy A. Combs
Mark S. Williams
Lenore Silverman
Kimberly A. Smith
Brian D. Bock
Kathleen J. McKee
Rob V. Piacente
Deborah R. G. Cesario
Elizabeth B. Mori
Namita S. Brown
Ricardo R. Silva
Wesley B. Parsons
Gretchen M. Shipley
David A. Moreno

William F. Schuetz, Jr.
Anne M. Sherlock
Shawn Olson Brown
Kelly R. Minnehan
Angela Gordon
Cynthia M. Smith
Emily E. Sugrue
Jennifer R. Rowe
Joshua A. Stevens
Lyndsy B. Rutherford
Dean T. Adams
Tiffany M. Santos
L. Carlos Villegas
Kerrie E. Taylor
Maggy M. Athanasious
Susan B. Winkelman
Gregory Rodriguez
Anna J. Miller
Melissa L. Phung
Keith Yanov
Kelley A. Owens
Leslie A. Reed
Melanie D. Seymour

Diana McDonough
Lynn Murphy, Ed.D.
  Of Counsel



**Fagen Friedman & Fulfrost** LLP

October 15, 2010

Joshua A. Stevens
Direct Dial: 510-550-8218
jstevens@fagenfriedman.com

Via ECF

The Honorable James Larson
United Stated Magistrate Judge
United States District Court for the
  Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:   Tim Galli v. Pittsburg Unified School District, et al.
      3:09-cv-03775-JSW
      Supplemental Letter Brief Following October 6, 2010 Hearing
      on Plaintiff's Motion to Compel

Your Honor:

Pursuant to Your Honor's October 7, 2010 order, Defendants submit this supplemental letter brief addressing the purported new fact raised at the October 6, 2010 hearing. At oral argument, Plaintiff's counsel asserted that PUSD Board member Joe Arenivar disclosed to the Contra Costa County District Attorney's Office the May 13, 2009 legal opinion.

As set forth below, this purported new fact does not constitute a waiver of the attorney-client privilege over the May 13, 2009 opinion for two basic reasons. First, there is no evidence before the Court that Trustee Arenivar did, in fact, make the purported disclosure to the District Attorney. Second, and assuming *arguendo* that Trustee Arenivar did disclose the legal opinion to the District Attorney, such disclosure is by law a "confidential communication" under the Ralph M. Brown Act ("Brown Act") (California Government Code § 54950 et seq.), thereby maintaining the attorney-client privilege nature of the document.

I.   **There is No Evidence Establishing Trustee Arenivar Disclosed the Legal Opinion to the District Attorney.**

In oral argument at the October 6, 2010 hearing on Plaintiff's motion to compel, Plaintiff's counsel, Mark Venardi, represented that Trustee Arenivar disclosed the May 13, 2009 legal opinion to the Contra Costa County District Attorney's Office. This purported fact was not raised or mentioned previously, including in the parties' April 9, 2010 joint letter to Judge White. Moreover, Mr. Venardi

70 Washington Street, Suite 205, Oakland, California 94607   Main: 510-550-8200   Fax: 510-550-8211
www.fagenfriedman.com


Recycled
Cert no. SCS-COC-001482
FSC © 1996 FSC

The Honorable James Larson
October 15, 2010
Page 2

did not provide the Court with any specific facts regarding the alleged disclosure or any evidence to support the existence of any disclosure. For example, the date of the alleged disclosure to the DA was not given (was it last week, last month, last year). In fact, to date, Plaintiff has presented absolutely no evidence to the Court to establish that Trustee Arenivar did, in fact, make this disclosure. Absent some admissible evidence establishing that Trustee Arenivar in fact made the purported disclosure, this "new" fact is not before the Court and should not be considered.

**II.     Assuming, *Arguendo*, That Trustee Arenivar Disclosed the Legal Opinion To the District Attorney, Such Disclosure Is A Confidential Communication Under State Law And Does Not Constitute a Waiver of the Attorney-Client Privilege.**

California Government Code § 54963(e)(1) provides that it is not a violation of the closed session confidentiality provisions of the Brown Act for "[m]aking a ***confidential inquiry or complaint*** to a district attorney or grand jury concerning a perceived violation of law, including disclosing facts to a district attorney or grand jury that are necessary to establish the illegality of an action taken by a legislative body of a local agency or the potential illegality of an action that has been the subject of deliberation at a closed session if that action were to be taken by a legislative body of a local agency." [Emphasis added.]

Counsels statement at oral argument did not indicate that a *complaint* was made, or that Trustee Arenivar's purported disclosure related to any violation of law by PUSD. Assuming, however, and for the sake of argument only, that Trustee Arenivar's disclosure to the District Attorney would fall within the statutory authorization to make a disclosure without violating the Brown Act, then such disclosure is a confidential communication as a matter of law and would not constitute a waiver of the attorney-client privilege. Indeed, there is nothing in the Brown Act or any decisional authority suggesting a complaint or disclosure under § 54963 of the Brown Act constitutes a waiver of the District's attorney-client privilege. In fact, the plain language of the § 54963(e)(1) compels the opposite conclusion, namely that by making such a complaint a confidential communication, any privileged information provided to the DA remains privileged.

Of course, if Board member Arenivar was not making the disclosure to the District Attorney under § 54963(e)(1) of the Brown Act, then such disclosure to the District Attorney would simply be another unauthorized disclosure to a third party, and all of the arguments made at the hearing and in the April 9 letter brief apply.

The Honorable James Larson
October 15, 2010
Page 3

For all of the foregoing reasons, and those arguments made by the Defendants at the October 6, 2010 hearing and in the parties' joint letter dated April 9, 2010, Defendants respectfully request that Plaintiff's motion to compel be denied and that both the May 13, 2009 legal opinion and the November 26, 2008 memorandum remain protected from disclosure under the attorney-client privilege.

Respectfully submitted,

FAGEN FRIEDMAN & FULFROST, LLP

Joshua A. Stevens

JAS:jcf

cc:   Mark L. Venardi, Esq.

00254.00140/229386.1